UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLAYINKA AIKENS, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | |
| CEDAR HILL INDEPENDENT SCHOOL DISTRICT, | § § § § | Civil Action No. 3:19-CV-00069-X |
| *Defendant.* | § § | |

## MEMORANDUM OPONION AND ORDER

In this action concerning age and race discrimination, defendant Cedar Hill Independent School District ("Cedar Hill") moves for summary judgment against all of plaintiff Olayinka Aikens's claims [Doc. No. 46] while Aikens moves for the Court to continue discovery and deny Cedar Hill's motion for summary judgment [Doc. No. 53]. After careful consideration, the Court concludes that, as a matter of law, Aikens fails to state a claim under 42 U.S.C. § 1981 and so **DISMISSES** this claim **WITH PREJUDICE**. In a case that is before this Court under federal question jurisdiction, Aikens's Section 1981 claim is the only federal cause of action. Because the Court dismisses this sole federal claim, the Court may decline to exercise jurisdiction over the remaining state-law claims. The Court declines to do so here and so **DISMISSES** the remaining state-law claims **WITHOUT PREJUDICE**.[1]

---

[1] *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (holding that when a federal court dismisses the only remaining federal claim and chooses not to exercise supplemental jurisdiction, "the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice").

1

I.

Cedar Hill hired Aikens, an African-American woman of 40 years, in 2016 as a middle-school teacher and coach of multiple athletic sports. On December 13, 2017, Cedar Hill received a complaint from a parent regarding Aikens's conduct towards the parent's son and another student. Cedar Hill placed Aikens on leave pending the investigation. Cedar Hill also reported Aikens's alleged physical conduct to the Texas Education Agency and the Texas Department of Family and Protective Services, neither of which found Aikens engaged in "abuse" or "neglect," according to the Texas Education Agency's definitions. During the Cedar Hill investigation, two students alleged that Aikens cursed at one of them, telling the student to be quiet and take her seat, and grabbed and restrained the other student when she would not sit down.

Following the investigation, Violet Dean, Cedar Hill's assistant superintendent of human resources, recommended to the superintendent that he propose Aikens be terminated due to several alleged violations of the Educators' Code of Conduct. Aikens alleges Violet Dean, after the investigation, informed Aikens in writing that she must resign or else face termination under the contract. Aikens alleges that when she refused, Cedar Hill started harassing her. For example, Aikens alleges Cedar Hill called the police on her for asking questions about a meeting she was told to attend. Finally, Aikens alleges she received a letter from Cedar Hill's Board of Trustees president on April 9, 2018 informing her that the Board had voted not to renew her contract for the 2018–19 school year.

On January 9, 2019, Aikens filed suit in this Court alleging Cedar Hill's

conduct amounted to race and age discrimination and raised various state and federal claims. In support of her claims, Aikens alleges Cedar Hill placed five individuals on leave, all African American, until the end of the school year but did not treat similarly situated Caucasian individuals who faced similar allegations the same way. Aikens chose not to amend her pleadings after the deadline to do so, May 31, 2019, passed. After the discovery deadline elapsed on January 17, 2020, Cedar Hill subsequently filed a motion for summary judgment against Aikens on January 24, 2020, with Aikens responding with a motion to continue discovery and deny Cedar Hill's motion on February 4, 2020.

II.

Before the Court is Cedar Hill's motion for summary judgment. Summary judgment is appropriate only if, viewing the evidence in the light most favorable to the non-moving party, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] "A fact is material if it 'might affect the outcome of the suit'" and "[a] factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[3]

III.

Aikens's Section 1981 claim against Cedar Hill has a fatal legal flaw. The

---

[2] FED. R. CIV. P. 56(a).

[3] *Thomas v. Tregre*, 913 F.3d 458, 462 (5th Cir. 2019) (quoting *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986)).

3

Supreme Court of the United States has held that there is no Section 1981 cause of action against state governmental units, which includes school districts.[4] Cedar Hill, as a school district, is a state governmental unit and so a Section 1981 claim cannot be brought against it. As such, the Court holds that, as a matter of law, Aikens has failed to state a claim under 42 U.S.C. § 1981.

Next, the Court considers whether it should give leave for Aikens to replead a Section 1983 claim. To hold a government liable under Section 1983, unlike under Section 1981, a plaintiff must establish that an "official policy" of the government (not the policy of an individual governmental official) was the "moving force" and actual cause of the loss of constitutional rights and any harm.[5] The Fifth Circuit has made clear that "each and any policy which allegedly caused constitutional violations must be specifically identified by a plaintiff, and it must be determined whether each one is facially constitutional or unconstitutional."[6]

Upon consideration, the Court concludes that it should not give leave to Aikens to amend her complaint. To grant such leave would unduly prejudice Cedar Hill. The discovery deadline elapsed over two months ago on January 17, 2020, and trial is set less than two months from now on May 11, 2020. A Section 1983 claim, as noted above, would require Aikens to establish that an "official policy" of the government

---

[4] *See Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731 (1989) (explaining that "Congress intended that the explicit remedial provisions of § 1983 be controlling in the context of damages actions brought against state actors alleging violation of the rights declared in § 1981").

[5] *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

[6] *Id.* at 579–80.

4

caused the discriminatory actions Aikens alleges. Although Aikens alleges Cedar Hill engaged in discriminatory actions against other African-American employees, she does not specifically identify "any policy" that caused such discrimination, which Section 1983 requires.[7] As such, to allow the pleadings to be amended at such a late stage in the litigation would likely require the reopening of discovery, which would further delay the resolution of the case and thus further burden Cedar Hill. This prejudice is made more poignant by the fact that the deadline to amend pleadings was May 31, 2019, nearly a year ago, and that Cedar Hill has already filed its pretrial disclosures [Doc. No. 57] and proposed voir dire [Doc. No. 59] in preparation for trial.

Finally, the Court considers whether to retain the state law claims through the doctrine of supplemental jurisdiction. The Court is aware of Aikens's state-law age and race discrimination claims. The Court had supplemental jurisdiction over these state-law claims because Aikens presented a federal question.[8] But the Court may decline to exercise its supplemental jurisdiction over state-law claims if it dismisses the federal claim that gives the Court original jurisdiction.[9] "When all federal claims are dismissed prior to trial, the general rule in this Circuit is for the district court to

---

[7] *Id.*

[8] *See* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

[9] *See id.* § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim" it has due to supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction[.]").

5

decline exercising jurisdiction over the remaining state law claims."[10] Not only is this matter prior to trial, Aikens wishes to engage in further discovery on her claims. Accordingly, the Court follows Fifth Circuit protocol and dismisses these remaining state law claims without prejudice so Aikens may file them in state court.

IV.

For these reasons, the Court **GRANTS IN PART** Cedar Hill's motion for summary judgment and **DISMISSES WITH PREJUDICE** Aikens's Section 1981 claim. Because the Court declines to exercise supplemental jurisdiction over Aikens's remaining state-law claims and dismisses those claims without prejudice, the Court **DISMISSES AS MOOT** Aikens's motion to continue and request that the Court deny summary judgment. Should Aikens seek to further pursue her state claims, she must do so in state court.

**IT IS SO ORDERED** this 31st day of March 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[10] *Cooper v. Dart Area Rapid Transit*, No. 3:14-CV-3832-B-BH, 2015 WL 9703716 at *3 (N.D. Tex. Dec. 18, 2015) (Ramirez, M.J.), adopted by *Cooper v. Dart Area Rapid Transit*, No. 3:14-CV-3832-B, 2016 WL 160986 (Boyle, J.) (N.D. Tex. Jan. 14, 2016).